USCA1 Opinion

 

 [Not for Publication] [Not for Publication] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 94-1333 TOWN OF FARMINGTON, ET AL., Plaintiffs, Appellants, v. TUDOR INSURANCE COMPANY Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Boudin, and Stahl Circuit Judges. ______________ ____________________ Martica S. Douglas with whom Douglas, Whiting, Denham & Rogers ___________________ ___________________________________ was on brief for appellants. Thomas V. Laprade with whom Philip M. Coffin III and Black, __________________ ______________________ ______ Lambert, Coffin & Rudman were on brief for appellee. ________________________ ____________________ September 2, 1994 ____________________ Per curiam. Plaintiffs Town of Farmington, its ___________ Board of Selectmen, and Steven S. Moore, the superintendent of Farmington's sewage treatment plant (collectively, "the Town") filed this diversity action seeking a declaration that Tudor Insurance Co. ("Tudor") has a duty to defend the Town against a suit brought by Cottle Enterprises ("Cottle"). Cottle, the developer of a mobile home park frustrated by the Town's refusal to allow more than two sewer hook-ups a year at the new park, sued the Town in state court seeking damages because of the hook-up limitation. A magistrate-judge recommended that the district court grant Tudor's motion for summary judgment, reasoning that all of Cottle's claims fall within the "inversion condemnation exclusion" clause of the municipal liability insurance policy issued to the Town by Tudor. The district court adopted the recommendation and entered judgment in favor of Tudor. This appeal followed. Because our independent analysis leads us to the conclusion that Tudor is indeed "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c), we affirm. I. I. The facts underlying this appeal are undisputed and adequately laid out in the written opinion of the magistrate- judge, see Town of Farmington v. Tudor Ins. Co., No. 93-0074- ___ __________________ ______________ B (Jan. 31, 1994). The parties agree that Maine law governs -2- the interpretation of the Town's insurance policy. The language in dispute is the following: [Tudor] shall not be liable to make payment for Loss in connection with any claim made against the Insureds allegedly, based upon or arising out of . . . inverse condemnation . . . . II. II. The Town's first argument on appeal is that the magistrate-judge failed to follow Maine law in determining that the phrase "inverse condemnation" is unambiguous. We disagree. Maine law favors the insured in construing ambiguities in insurance contracts and encourages an expansive view of the insurer's duty to defend. See, e.g., ___ ____ Union Mut. Fire Ins. Co. v. Inhabitants of Topsham, 441 A.2d _________________________ ______________________ 1012, 1015 (Me. 1982). Nonetheless, even if the boundaries of "inverse condemnation" are not firmly settled, we believe the phrase has an unambiguous core meaning, namely, "[a] cause of action against a government agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed," Black's Law Dictionary 740 (5th ed. 1979). Cottle's ________________________ "confiscatory taking" claim (Count I of its complaint) clearly fits within this category. The Town next suggests that the magistrate-judge incorrectly determined that the other counts in Cottle's complaint are "based upon or aris[e] out of . . . inverse -3- 3 condemnation." Once again, we cannot agree. Like the magistrate-judge, we think that Baywood Corp. v. Maine ______________ _____ Bonding & Casualty Co., 628 A.2d 1029 (Me. 1993), provides _______________________ the relevant framework for analyzing the merits of Tudor's motion for summary judgment.1 In that case, Baywood, a real estate developer, sought a declaration that Maine Bonding, its insurer, had a duty to defend it against a lawsuit by a condominium association representing buyers of units developed by Baywood. The association alleged that Baywood performed faulty work in designing the development's sewer system, and sought compensation for the cost of replacing or upgrading the system. While Maine Bonding would have had a duty to defend Baywood against an allegation of property damage, the insurance policy at issue specifically excluded coverage for claims seeking the repair or replacement of faulty work. See id. at 1031. The court held that because ___ ___ the association's claim was qualitatively different from the type of third party claim covered by the policy at issue, Maine Bonding had no duty to defend Baywood. See id. In ___ ___ reaching this conclusion, the court focused exclusively on the type of harm alleged, attaching no importance to the fact that the underlying complaint charged that Baywood's faulty ____________________ 1. We note with dismay that, although Baywood was cited _______ prominently by the magistrate-judge, see Town of Farmington, ___ __________________ slip op. at 5 n.2, the Town chose not to mention, much less distinguish, the case in its brief. -4- 4 work amounted to a violation of various legal duties. See ___ id. at 1030 (noting that the association had alleged ___ "fraudulent misrepresentation, breach of warranty, breach of contract, negligence, negligent misrepresentation, and a violation of the uniform fraudulent transfer act"). An analysis of the type of harm alleged in Cottle's complaint leads to a similar conclusion in this case. Cottle seeks compensation for the diminution in the value of his land caused by the Town's regulatory actions. Although the complaint alleges that the Town's regulatory maneuvers are violative of a number of constitutional and common law duties, each count seeks compensation for the same type of harm alleged in the "confiscatory taking" count. In other words, Cottle has not alleged any wrongful conduct that does not "arise[] out of . . . inverse condemnation." Therefore, the inverse condemnation exclusion clause and Maine law (as expounded in Baywood) combine to preclude the Town's claim. _______ III. III. For the foregoing reasons, we affirm the district court's entry of summary judgment. So ordered. __________ -5- 5